IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN LEWIS and SHELLY LEWIS, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| -vs- | )    Case No. CIV-21-0379-F <br> ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) <br> ) <br> ) |
| Defendant. | ) |

## ORDER

The court has a duty to determine its jurisdiction. Tuck v. United Services Automobile Assoc., 859 F.2d 842, 844 (10th Cir. 1988). Upon review of the complaint, the court finds that the diversity of citizenship allegations are deficient for the following reasons.

    X     An Individual (Plaintiffs Kevin Lewis and Shelly Lewis).

    X     The pleading does not allege the specific state in which an individual is a "citizen" or has "citizenship." Allegations regarding residency (*see*, doc. no. 1, ¶ 3) are not sufficient because, for purposes of 28 U.S.C. §1332, citizenship and residence are two entirely distinct concepts.[1]

---

[1] Residence alone is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Construction Co., 357 F.2d 242, 245 (10th Cir. 1966). It is domicile, not residence, which is relevant for determining an individual's citizenship. Siloam Springs Hotel, L.L.C. v. Century Surety Co., 781 F.3d 1233, 1238 (10th Cir. 2015). For any number of reasons, an individual can reside in one place but be domiciled in another place; for adults, domicile is established by physical presence in a place, coupled with an intent to remain there. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

  __X__   A Corporation (defendant State Farm Fire and Casualty Company).

  ___   The pleading does not identify the specific state of incorporation.

  __X__   The pleading does not identify the specific state in which the corporation has its principal place of business.[2]  It is not sufficient to allege (*see*, doc. no. 1, ¶ 10) that a corporation has "its principal place of business in a state other than Oklahoma."

### Order to Cure Deficiencies.

Plaintiffs, as the parties invoking this court's subject matter jurisdiction based on diversity of citizenship, are **DIRECTED** to:

  __X__   File, within fourteen days of the date of this order, a first amended complaint which includes the missing jurisdictional information.

  __X__   With respect to the defendant's citizenship information, the required jurisdictional information may be alleged based on "information and belief."

  __X__   If the filer cannot allege the necessary information at this stage, the filer may file a short notice so stating, in which case the filer shall bring this issue to the attention of the court at the status and scheduling conference.

  __X__   Failure to comply may result in dismissal of this action without prejudice.

IT IS SO ORDERED this 28th day of April, 2021.

*/s/ Stephen P. Friot*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0379p001.docx

---

[2] *See*, Simmons v. Rosenberg, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (merely averring that a party is a citizen of a state other than the state of New York is "clearly insufficient to establish diversity jurisdiction….").